**Dennis W. TORREY, d/b/a Chuit River Lodge, Appellant,**

v.

**Robert E. HAMILTON, Appellee.**

No. S-5210.

Supreme Court of Alaska.

April 22, 1994.

---

Larry L. Caudle, Anchorage, for appellant.

Thomas J. Yerbich, Law Office of Thomas J. Yerbich, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

MATTHEWS, Justice.

Dennis W. Torrey, the debtor under a state court judgment in favor of Robert E. Hamilton, filed for bankruptcy. Hamilton, in turn, filed an adversary proceeding in Torrey's bankruptcy case. The question presented in this appeal is whether the attorney's fees incurred in the adversary proceeding in bankruptcy are recoverable as "costs of collection" for the original state court judgment. We answer this question in the negative.

The $10,500 superior court judgment against Torrey was entered in 1988. After Torrey filed for bankruptcy and Hamilton filed an adversary action in that proceeding, the bankruptcy court entered a stipulated judgment of $15,000 in favor of Hamilton. Any payments made on the bankruptcy court judgment were to be credited to the superior court judgment. Concerning costs and attorney's fees, the bankruptcy court stated:

> IT IS FURTHER ORDERED that with regard to the issues concerning recovery of costs and attorney's fees incurred by the plaintiff, Robert E. Hamilton, this Court hereby defers and remands these issues to the Superior Court for the State of Alaska, Case No. 3AN–86–3156 Civil for determination if the plaintiff, Robert E. Hamilton, shall recover costs and attorney's fees from April 19, 1990 as costs of collection resulting from the original Judgment entered by the Superior Court ... as this adversary proceeding directly arises out of and relates to the Superior Court case.

Subsequent to the entry of the bankruptcy judgment, the principal and interest on the judgment were paid. A satisfaction of the judgments in both courts was entered under which Hamilton reserved his right to "seek an award of attorney fees and costs in the state court." Hamilton then moved in the superior court for an award of attorney's fees in the sum of $20,761 plus costs. Relying on Alaska Civil Rule 82, the superior court awarded Hamilton $14,000 in attorney's fees. From this award Torrey appeals.

Under Civil Rule 82 reasonable partial attorney's fees are awarded to the prevailing party in a civil action. However, such fees must relate solely to attorney's services performed in the case in which the judgment is entered. *Alaska State Hous. Auth. v. Riley Pleas, Inc.*, 586 P.2d 1244, 1249 (Alaska 1978). Moreover, Civil Rule 82 only provides compensation for attorney's services performed up to the time of the judgment. *See, e.g.*, Alaska R.Civ.P. 82(c) (motions for attorney's fees under Civil Rule 82 must be filed within ten days after date

shown in the clerk's certificate of distribution on the judgment). Since the award in this case is for services performed in bankruptcy rather than the superior court and the services were performed after the judgment was entered, the award in this case is not authorized under Civil Rule 82.[1]

Hamilton argues that post-judgment attorney's fees are authorized under Alaska Civil Rule 79(b). In particular, at the time of the award, the last sentence of Civil Rule 79(b) read:

> In addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded the party in the action or proceeding.[2]

Although the trial judge explicitly declined to base the award on Civil Rule 79, this court may affirm the judgment on any appropriate ground, even if it is a ground which was rejected by the trial court. *State v. Alaska Land Title Ass'n,* 667 P.2d 714, 725 (Alaska 1983); *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961). Nonetheless, we conclude that post-judgment attorney's fees in civil actions may not be awarded under the authority of Civil Rule 79.[3] Rule 79 read in context with Rule 82 is clearly meant to be limited to costs other than attorney's fees. Further, Rule 79, like Rule 82, only relates to costs expended up to the time of judgment. This is apparent because the cost bill under Rule 79(a) must be served within ten days after the date shown in the clerk's certificate of distribution of the judgment.[4]

1. In *Cameron v. Hughes,* 825 P.2d 882 (Alaska 1992), the trial court awarded attorney's fees for post-judgment attorney services incurred in an attempt to collect child support. The award was challenged because the trial court had not made findings concerning the necessity and reasonableness of the award. *Id.* at 887. We reversed the award on this basis and remanded the case to the trial court for a hearing to determine the amount of attorney's fees reasonably and necessarily incurred to enforce the judgment. *Id.* The *Cameron* opinion implies that a post-judgment award of attorney's fees may be awarded. However, that issue was merely assumed, not argued. Further, collection of judgments for child support is a special subject to which special rules apply. For example, judgments for child support may be modified at any time after judgment upon motion of either party. AS 25.24.-170. A child support judgment creditor may levy against otherwise exempt property. AS 09.38.-065(a)(1)(A). Child support arrearages may not be waived or stipulated away retrospectively or without court approval. *Nix v. Nix,* 855 P.2d 1332 (Alaska 1993). Thus, insofar as *Cameron* may indicate that an award for post-judgment attorney's fees is authorized, such a rule is limited to judgments for child support, as *Cameron* reflects "the compelling public policy favoring enforcement of child support obligations." *Cameron,* 825 P.2d at 886 (quoting *Anderson v. Anderson,* 736 P.2d 320, 323 n. 2 (Alaska 1987)).

2. At the time of the award the full text of Civil Rule 79(b) was as follows:

> **Items Allowed as Costs.** A party entitled to costs may be allowed premiums paid on the expenses of posting, undertakings, bonds or security stipulations, where the same have been furnished by reason of express require-

ment of law or on order of the court; the necessary expense of taking depositions for use at trial and producing exhibits; the expense of service and publication of summons or notices, and postage when the same are served by mail; filing fees and other charges made by the clerk of the court and fees for transcripts required in the trial of a case in the superior court; and costs paid by the prevailing party's attorney for computerized legal research. In addition to the items allowed as costs by law and in these rules, a party shall be allowed any other expenses necessarily incurred in order to enable a party to secure some right accorded the party in the action or proceeding.

Former Alaska R.Civ.P. 79(b). Subsequently the rule was amended by adding an additional sentence at the end of the rule which provides: "Fees for investigators, paralegals or law clerks shall not be allowed as costs." Alaska R.Civ.P. 79(b).

3. Trial courts may have inherent authority to award attorney's fees for post-judgment conduct which is frivolous or vexatious. We have recognized such authority in a pre-judgment context. *Malvo v. J.C. Penney Co., Inc.,* 512 P.2d 575, 588 (Alaska 1973); *cf. Miller v. Sears,* 636 P.2d 1183, 1195 (Alaska 1981) (in absence of bad faith, award for costs may not exceed amount provided for by Administrative Rules). That issue, however, is not presented in this case.

4. This does not mean that no post-judgment costs may be awarded. Alaska Administrative Rule 11 provides a specific schedule of costs which may be recovered for specified post-judgment services relating to attachment, garnishment and execution sales. However, Administrative Rule 11 does not include general attorney's fees.

As no basis for the award of attorney's fees has been demonstrated, the award must be REVERSED.

BURKE, J., not participating.