Mike O'CALLAGHAN, Appellant,

v.

STATE of Alaska, Walter J. Hickel, an individual, Jack Coghill, an individual, and Jim Campbell, an individual, Appellees.

No. S–6181.

Supreme Court of Alaska.

July 5, 1996.

Michael O'Callaghan, Anchorage, pro se.

Marjorie L. Vandor, Assistant Attorney General, Bruce M. Botelho, Attorney General, Juneau, for Appellees State of Alaska, Walter J. Hickel and Jack Coghill.

Kathleen A. Weeks, Law Offices of Kathleen A. Weeks, Anchorage, for Appellee Jim Campbell.

Before RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

PER CURIAM.

This appeal originated with events surrounding the 1990 state primary election. The facts were described by this court in Mike O'Callaghan's first appeal, *O'Callaghan v. State*, 826 P.2d 1132 (Alaska), *cert. denied*, 506 U.S. 860, 113 S.Ct. 176, 121 L.Ed.2d 122 (1992). We summarize them briefly here.

In the 1990 state primary election, Jack Coghill won the Republican Party's nomination for lieutenant governor. *O'Callaghan*, 826 P.2d at 1133. The Republican Party

ticket was therefore Coghill and Arliss Sturgulewski, the Republican Party's candidate for governor. John Lindauer and Jerry Ward had won the Alaska Independence Party's (AIP's) primary election nominations for governor and lieutenant governor respectively. On September 19, 1990, Lindauer and Ward withdrew as the AIP candidates. The same day, which was before the statutory forty-eight day deadline, Coghill withdrew as the Republican Party candidate and joined Walter Hickel to form the new ticket for the AIP. *Id.* The Republican Party substituted Jim Campbell as the party candidate for lieutenant governor.

On September 28, 1990, O'Callaghan filed a complaint seeking a temporary restraining order prohibiting the director of elections from printing Coghill's name on the general election ballot as the AIP's lieutenant governor candidate. *Id.* After this request was denied, Coghill's motion to intervene in the case was granted. O'Callaghan then petitioned the court for a hearing on the proper interpretation of AS 15.25.110, which governs the practice of filling vacancies by party petition. The trial court treated this as a motion for summary judgment and denied the motion. The court granted the cross-motion filed by Coghill and the State, finding that AS 15.25.110 did not prevent Coghill from appearing on the ballot. *Id.* O'Callaghan appealed. We affirmed the grant of summary judgment and declined to review other arguments made by O'Callaghan not raised below. *Id.* at 1133 n. 1, 1137.

On November 23, 1992, O'Callaghan filed this complaint in the superior court against the State, Hickel, Coghill and Campbell claiming: (1) Hickel and Coghill failed to pay the required filing fee; (2) Hickel and Coghill were not members of the AIP and were not nominated by the Central Party Committee of the AIP; (3) Hickel and Coghill maintained throughout the campaign that they were Republicans; (4) Hickel and Coghill altered their Declaration of Candidacy forms, constituting forgery; (5) Coghill's voter registration form changing his party membership is not valid and Coghill was nominated as the AIP candidate while still a Republican; and (6) Campbell submitted his Declaration of Candidacy two days late. O'Callaghan requested that the election be declared void and a new election be held. He also requested damages of $500,000.

On January 21, 1993, Campbell moved for judgment on the pleadings or, alternatively, for summary judgment. O'Callaghan did not file an opposition at this time, and Campbell's motion was granted. Campbell then moved for actual attorney's fees of $1,210. Over opposition grounded in part on O'Callaghan's alleged status as a public interest litigant, Campbell was awarded fees of $360. The court found that O'Callaghan was not a public interest litigant "since he asked for $500,-000 in damages." The State, Hickel and Coghill subsequently moved for summary judgment. This motion was granted. A final judgment was entered from which O'Callaghan has appealed.

### *Mootness*

 The appellees argue that this appeal is moot. We agree. This court has stated that it will "refrain from deciding questions 'where the facts have rendered the legal issues moot.'" *Hayes v. Charney,* 693 P.2d 831, 834 (Alaska 1985), *quoted in Municipality of Anchorage v. Anchorage Daily News,* 794 P.2d 584, 588 (Alaska 1990). "A case is moot if the party bringing the action would not be entitled to any relief even if they prevail." *Maynard v. State Farm Mut. Auto. Ins. Co.,* 902 P.2d 1328, 1329 n. 2 (Alaska 1995) (citing *Kleven v. Yukon–Koyukuk Sch. Dist.,* 853 P.2d 518, 523 & n. 8 (Alaska 1993)).

In his complaint before the superior court in this case, O'Callaghan requested as relief that this court "void the 1990 Governor's election and direct the State of Alaska to hold an election with only qualified candidates on the ballot and award the plaintiff $500,000 in damages." The issues in this second case have been rendered moot by the fact that the terms in office of Walter Hickel and Jack Coghill have ended. As for Campbell, the case was moot when it was filed, for he was not elected in the 1990 general election. Therefore, no possible relief may be given even if O'Callaghan were to prevail in this case. To void the 1990 Governor's elec-

tion would have no effect in that those currently in office were not chosen in that election.

■ Because O'Callaghan also seeks damages, his claim is only moot if the damage claim is meritless. No arguably valid legal theory justifying a damage award has been presented either to the superior court or to this court. This aspect of O'Callaghan's claims is not only meritless, but frivolous. Thus, the request for damages must fail as a matter of law. *See Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 411 n. 8 (Alaska 1990); *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980).

■ This court has recognized a public interest exception to the mootness doctrine. However, that exception does not apply here. The exception uses three criteria for determining applicability:

> (1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may repeatedly circumvent review of the issues and, (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine.

*Peloza v. Freas*, 871 P.2d 687, 688 (Alaska 1994). In this case, the disputed issues are not likely to be repeated, and if they are repeated, a timely election challenge would be possible. Therefore, the public interest exception to the mootness doctrine does not apply and the appeal is moot.

### Res Judicata

■ One of the superior court's bases for granting defendant's summary judgment was res judicata. The superior court found that the

> [p]laintiff in this case certainly could have brought all of the present claims against defendants in his original action of September 1990. All of the present claims arose from the same transaction as the original claim—the allegedly illegal candidacy of defendants Coghill and Hickel.

This court has explained its position on res judicata in *DeNardo v. State:*

> Under the doctrine of res judicata, a judgment on the merits of the controversy

bars subsequent actions between the same parties upon the same claim. The doctrine implements "the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." It is settled that res judicata precludes relitigation by the same parties, not only of claims raised in the first proceeding, but also of those relevant claims that could have been raised. The claims extinguished by the first judgment include "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose," a mere change in the legal theory asserted as a ground for recovery will not avoid the preclusive effect of the judgment.

740 P.2d 453, 455–56 (Alaska), *cert. denied,* 484 U.S. 919, 108 S.Ct. 277, 98 L.Ed.2d 239 (1987) (citations omitted), *quoted in Calhoun v. State, Dep't of Transp. and Pub. Facilities,* 857 P.2d 1191, 1193 (Alaska 1993).

■ The 1990 suit included the State and Jack Coghill as defendants; they are also defendants in this case. *O'Callaghan,* 826 P.2d 1132. The claim in the first case was whether "AS 15.25.110 prohibits a person's name from appearing on the general election ballot when that person withdraws as a candidate for one political party to accept another party's nominating petition." *Id.* at 1133. While this suit involves other issues as well, res judicata is not limited to preventing claims brought in one proceeding from being brought again. The doctrine also encompasses other "claims that could have been raised" in the first proceeding, arising from the same transaction "out of which the action arose." *DeNardo,* 740 P.2d at 456. In this case, the claims brought in the first case and the claims brought in this case both arose out of the events surrounding the 1990 gubernatorial election. *O'Callaghan,* 826 P.2d at 1133. Thus, as to the claims against the State and Coghill, the doctrine of res judicata prohibits O'Callaghan from relitigating issues that could have been brought in the 1990 suit.

*Attorney's Fees*

▆ O'Callaghan argues that because he qualifies as a public interest litigant, it was error for the superior court to award attorney's fees against him. Here the trial court found that O'Callaghan was not a public interest litigant because he had requested $500,000 in damages.

▆ This court reviews trial court determinations of public interest litigant status under an abuse of discretion standard. *Spenard Action Comm. v. Lot 3, Block 1, Evergreen Subdivision,* 902 P.2d 766, 781 (Alaska 1995).

In previous cases we have articulated four factors in determining public interest litigant status:

> (1) Is the case designed to effectuate strong public policies?
>
> (2) If the plaintiff succeeds will numerous people receive benefits from the lawsuit?
>
> (3) Can only a private party have been expected to bring the suit?
>
> (4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?

*Anchorage Daily News v. Anchorage Sch. Dist.,* 803 P.2d 402, 404 (Alaska 1990); *see also Citizens for the Preservation of the Kenai River, Inc. v. Sheffield,* 758 P.2d 624, 626 (Alaska 1988). Focusing on the fourth factor, sufficient economic incentive to file suit, we have held that the mere fact that a plaintiff seeks damages does not conclusively preclude a determination of public interest litigant status. *Eyak Traditional Elders Council v. Sherstone, Inc.,* 904 P.2d 420, 426 (Alaska 1995). "Instead, the court should also look to the facts of the case to determine the litigant's primary motivation for filing the suit." *Id.*

In the present case, the court seems to have treated the inclusion of the damage claim as conclusively precluding public interest litigant status for O'Callaghan. There is no indication that the court examined O'Callaghan's primary motivation for instituting the litigation. However, we need not remand to the trial court for an exploration of O'Callaghan's primary motivation because, as to Campbell, the litigation was frivolous as a matter of law. Campbell was sued more than two years after he had run and lost in the 1990 general election as the Republican nominee for lieutenant governor. As of the time of filing the suit Campbell was a private citizen and there was no arguable legal basis for including him in the lawsuit. Public interest litigants who file or pursue frivolous litigation are not immunized from the assessment of attorney's fees. *See Thomas v. Croft,* 614 P.2d 795, 798 (Alaska 1980) ("Plaintiffs who in good faith seek to vindicate the strong public policy favoring fair and correctly conducted elections should not be penalized by an assessment of attorney's fees unless the suit is frivolous."), *cited in Municipality of Anchorage v. Citizens for Representative Governance,* 880 P.2d 1058, 1063 n. 5 (Alaska 1994). We thus affirm the award of attorney's fees in favor of Campbell on the ground that the suit against him was frivolous.[1]

For these reasons the judgment is AFFIRMED.

MOORE, C.J., not participating.

---

1. This court may affirm a judgment on grounds not employed by the court which issued the judgment. *Torrey v. Hamilton,* 872 P.2d 186, 188 (Alaska 1994); *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961).