Linda S. and David A. GARRISON, and All Alaska Realestate Investments, Inc., Appellants and Cross–Appellees,

v.

Dixie DIXON, Mark Korting and Re/Max Properties, Appellees and Cross–Appellants.

Nos. S–8916, S–8975, S–9075.

Supreme Court of Alaska.

March 30, 2001.

Julia B. Bockmon, Robertson, Monagle & Eastaugh, Anchorage, for Appellants/Cross–Appellees.

Jon T. Givens, Bankston & McCollum, Anchorage, for Appellees/Cross–Appellants.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. *INTRODUCTION*

Advertising placed by real estate agent Dixie Dixon led Linda and David Garrison and their corporation to file suit against Dixon and her employer, Re/Max.[1] [Exc. 1–24] Dixon and Re/Max ultimately prevailed in all respects, and the superior court awarded full attorney's fees and costs to them because it found that the Garrisons and their firm prosecuted the case in bad faith and to gain an advantage over a business competitor. Because we conclude that certain of the Garrisons' claims are moot and the superior court did not abuse its discretion with regard to the others, we affirm the decisions of the superior court.

## II. *FACTS AND PROCEEDINGS*

Dixie Dixon, a Re/Max real estate agent in Anchorage, ran two advertisements in 1995 in which she held herself out as a "buyer's agent." David and Linda Garrison, shareholders and officers of All Alaska Realestate Investments (AARI), a business competitor of Re/Max, took issue with those ads.

AARI was the only exclusive real estate buyer's agency in Alaska. Re/Max, by contrast, represented both buyers and sellers of real estate in its real estate brokerage business. Re/Max was the seller's agent for approximately twenty-two percent of the real estate listed in Anchorage in 1995. However, since Re/Max agents like Dixon also routinely represented real estate buyers, the two corporations were business competitors.

Shortly after Dixon ran the October 1995 ad that the Garrisons thought was improper, Linda Garrison sent a memorandum to Dixon claiming that Dixon's ads were misleading and in violation of the ethical standards of a professional real estate agent. Several days later the Garrisons' attorney sent a follow-up letter to Dixon advising her that her ad might be a violation of the Alaska Unfair Trade Practices and Consumer Protection

---

1. For simplicity, we will at times refer to the defendants collectively as "Dixon" throughout this opinion.

Act.[2] Specifically, the Garrisons objected to Dixon's ads referring to herself as a "buyer's agent" because they contended she could not be a buyer's agent in transactions in which Re/Max also represented the seller. The Garrisons noted that when they contacted other real estate agents with the same concern, those agents had changed their ads as the Garrisons requested or placed small disclaimers regarding in-house listings in the ads. Dixon did not.

Dixon changed her advertisements, but not in the way the Garrisons wanted. Her next ad, entitled "Beware of Buyers Agency," warned readers of the "difference between a buyers agent and a buyers agency," and criticized the latter. The following ad run by Dixon was titled "Be Aware of Buyers Agency" and again contained language favorably comparing buyer's agents to buyer's agencies.

These ads prompted the Garrisons to file suit against Dixon, Re/Max, and several other Re/Max agents and supervisors under the Alaska Unfair Trade Practices and Consumer Protection Act.[3]

After more than two and one-half years of pretrial motion practice, the Garrisons moved to dismiss with prejudice their claims as individuals because AARI was the real party in interest. In their motion to dismiss, the Garrisons admitted that they "were never real parties in interest." The trial court dismissed the Garrisons' individual claims, and then granted Dixon's motion for a Civil

Rule 54(b) entry of final judgment against the Garrisons. The court awarded attorney's fees against the Garrisons in the amount of $17,625.00—fifty percent of the actual attorney's fees incurred by Dixon to that point.

About three months later, the court granted summary judgment to Dixon and against AARI on the remaining issues in the case. Then, finding that the case was litigated in bad faith for the purpose of harassing a business competitor, the court awarded full, actual attorney's fees against AARI.

The Garrisons and AARI now appeal.

## III. STANDARDS OF REVIEW

 We review for abuse of discretion both a grant of final judgment under Rule 54(b)[4] and an award of attorney's fees and costs.[5] We will find an abuse of discretion upon a showing that an award is "arbitrary, capricious, or manifestly unreasonable, or that it stemmed from an improper motive."[6] We review factual findings under the clearly erroneous standard.[7]

## IV. DISCUSSION

A. Whether the Superior Court Erred in Entering Civil Rule 54(b) Final Judgment Against the Garrisons Is Moot.

 The Garrisons argue that the superior court abused its discretion by entering final judgment against them under Civil Rule 54(b)[8] about three months before the final

2. AS 45.50.471–.561.

3. Id.

4. See Dinsmore–Poff v. Alford, 972 P.2d 978, 980 (Alaska 1999); see also Adkinson v. Rossi Arms Co., 659 P.2d 1236, 1238 n. 6 (Alaska 1983).

5. See Aloha Lumber Corp. v. University of Alaska, 994 P.2d 991, 1003 (Alaska 1999).

6. Id. (quoting Alyeska Pipeline Serv. Co. v. Beadles, 731 P.2d 572, 575 (Alaska 1987)).

7. See Fairbanks Fire Fighters Ass'n, Local 1324, Int'l Ass'n of Fire Fighters v. City of Fairbanks, 934 P.2d 759, 761 (Alaska 1997).

8. Civil Rule 54(b) provides:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision

resolution of the claims brought by AARI. In particular, the Garrisons note that the trial court did not follow Rule 54(b)'s explicit requirement that it make "an express determination that there is no just reason for delay" before it directed entry of final judgment and awarded attorney's fees.

▆ The Garrisons' argument is moot because the superior court entered a true final judgment in the case long before the Garrisons filed their brief in this court. A claim is moot "if the party bringing the action would not be entitled to any relief even if [it] prevail[s]."[9] Even if we were to agree that the form of the certification lacked the required factual finding, remanding for a correction of the order would be pointless because the superior court has already ruled on all of the issues and entered what is indisputably a final judgment.

In addition, the Garrisons have not even argued, nor do we perceive, that they have been prejudiced by this possible error. The superior court entered the true final judgment only about three months after the Rule 54(b) judgment against the Garrisons and, as noted, long before they filed their appellate brief. No issue bearing on the underlying merits of the original controversy is before us on appeal; the Garrisons voluntarily sought and obtained dismissal of their individual claims with prejudice, and no appeal has been taken from the superior court's grant of summary judgment on the claims brought by AARI.

▆ Given the lack of substantive issues on appeal, the only consequence of a possibly erroneous Rule 54(b) final judgment is a premature appeal. But even this is not prejudicial because "if a notice of appeal is filed after the announcement of a decision but before the date shown in the clerk's certifi-

cate of distribution on the judgment, the notice of appeal shall be treated as filed on the date shown in the clerk's certificate of distribution on the judgment."[10] A premature appeal "should be held in abeyance until it is timely, or it should be dismissed with notice that it may be refiled when it becomes timely."[11] Because the superior court entered the true final judgment just three months after it entered the Rule 54(b) final judgment, the Garrisons' appeal was completely unaffected.

Accordingly, even if the trial court's entry of judgment pursuant to Rule 54(b) was procedurally flawed, there is no harm to be undone. The matter is moot, and we decline to reach it for that reason.

B. *The Superior Court Did Not Err in Awarding Full Attorney's Fees.*

The trial court awarded attorney's fees against the Garrisons, when their individual claims were dismissed, and against AARI, when its case was finally dismissed. Although we conclude that the theory advanced by Dixon for the first award, a theory apparently adopted by the court, was flawed, we nonetheless affirm because any error was harmless. We also conclude that the superior court did not err in awarding fees against AARI.

1. *Although Civil Rule 82 does not allow for awards of "several" attorney's fees against multiple non-prevailing parties, as Dixon suggested, the award itself was not an abuse of discretion.*

When the Garrisons successfully moved for dismissal of their individual claims after two and one-half years of litigation, Dixon sought an award of enhanced attorney's fees based

---

is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)

9. *Gerstein v. Axtell,* 960 P.2d 599, 601 (Alaska 1998) (quoting *O'Callaghan v. State,* 920 P.2d 1387, 1388 (Alaska 1996)).

10. Alaska R.App. P. 204(a)(6).

11. *Egemo v. Egemo Constr. Co.,* 998 P.2d 434, 441 (Alaska 2000).

on several factors: the complexity of the case, the fact that it had been prepared for trial, and the claim that the Garrisons' case was not reasonable and was brought in bad faith. Dixon also reasoned that because two of the plaintiffs were severally liable for twenty percent of her fees each, an award of fifty percent of the fees incurred to that point was only a slight enhancement. Dixon asked for $17,625—half of the total fees she had incurred. By signing Dixon's proposed order, which cross-referenced Dixon's memorandum supporting the Motion for Attorney's Fees, the court adopted all of the arguments put forth by Dixon. But some of those arguments are flawed.

At one point in the memorandum, Dixon argued:

> Pursuant to Rule 82(b)(2), defendants would be entitled to an award of 20 percent of actual attorneys' fees necessarily incurred against David Garrison and 20 percent of its fees from Linda Garrison. Thus, under Rule 82(b)(2), defendants would be entitled to a, several, total judgment of 40 percent of its fees.

■ This argument is wrong. The text of Rule 82(b)(2) makes no mention of a "sever-

al" liability scheme that is dependent upon the number of non-prevailing parties.[12] Instead, a Rule 82(b)(2) award is based on the amount of the prevailing party's (or parties') actual reasonable attorney's fees.[13] Under the rule, the number of non-prevailing parties is inconsequential. Yet under Dixon's approach, a defendant who before trial defeated a claim brought by five plaintiffs would be entitled to recover 100 percent of its attorney's fees under Rule 82(b)(2). Accordingly, we reject this interpretation of Rule 82(b)(2) as a basis for the enhancement of attorney's fees.

■ Our rejection of Dixon's theory of "several" liability for attorney's fees is not determinative of this matter, however, for Dixon sought and the court awarded enhanced fees under the separate rationales of Civil Rule 82(b)(3)[14] and the Unfair Trade Practices Act.[15] While Dixon made several arguments to justify the award of enhanced fees, which were explicitly adopted by the trial court, we find sufficient the arguments (1) that the Garrisons had no individual claims but nonetheless filed in bad faith; (2) that the Garrisons persevered for over two

---

**12.** Alaska R. Civ. P. 82(b)(2) provides:

(2) In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial *20 percent of its actual attorney's fees* which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk.
(Emphasis added.)

**13.** *See id.*

**14.** Alaska R. Civ. P. 82(b)(3) provides:

The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:
(A) the complexity of the litigation;
(B) the length of trial;
(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
(D) the reasonableness of the number of attorneys used;

(E) the attorneys' efforts to minimize fees;
(F) the reasonableness of the claims and defenses pursued by each side;
(G) vexatious or bad faith conduct;
(H) the relationship between the amount of work performed and the significance of the matters at stake;
(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
(K) other equitable factors deemed relevant.
If the court varies an award, the court shall explain the reasons for the variation.

**15.** Dixon actually argued that she was entitled to fees under the 1996 version of the statute, which allowed for "all or a portion of actual ... attorney fees." Former AS 45.50.531(g).

and one-half years before seeking dismissal as plaintiffs, causing Dixon to undertake the additional expense of preparing for a trial set for January 1998, before the Garrisons filed their motion to dismiss; and (3) that an award of full reasonable fees to Dixon was appropriate under the Unfair Trade Practices Act.[16] These factors are sufficient to justify the trial court's decision to enhance the attorney's fees awarded against the Garrisons.

### 2. The Superior Court Did Not Err in Awarding Attorney's Fees Against AARI.

The superior court ordered AARI to fully compensate Dixon for the portion of the attorney's fees that remained after the partial award against the Garrisons, and for those fees and costs incurred after the Garrisons were dismissed as plaintiffs. The court relied on both the Alaska Unfair Trade Practices Act and Civil Rule 82(b), noting that part of the action was brought under the former and part was brought through "counts for which attorney fees would be determined pursuant to Civil Rule 82(b)." AARI now argues that this award of full fees and costs was an abuse of discretion because it was excessive and unjustified. AARI's primary argument, based on Civil Rule 82, is that full, actual attorney's fees may not be properly awarded absent an explicit and record-supported finding of bad faith or vexatious conduct.

The Garrisons and AARI based four of their claims on the common law and eleven

on the Unfair Trade Practices Act. In cases involving mixed causes of action like these, the superior court has discretion to look to both Rule 82(b) and the Unfair Trade Practices Act in deciding attorney's fees.[17]

### a. Attorney's fees under Civil Rule 82

██ We will affirm an award of full, actual attorney's fees under Rule 82 where the superior court finds that the losing party has engaged in vexatious or bad faith litigation.[18] The superior court here made such a finding when it stated that "vexatious bad conduct has been found." Indeed, the trial court concluded that "[o]ne cannot look at the record before the court and conclude that this action was brought for any purpose but to harass the defendants." Accordingly, we must affirm the award of full attorney's fees unless the trial court's finding of bad faith is clearly erroneous.

We consider this issue both as to the filing of the case and the prosecution of it. Looking first to the filing of the case, we consider both the form of the action and the support for it. As to the form of the action, the claims themselves—as distinguished from the evidence ultimately adduced in support of them—met the minimum standards of the statute under which they were brought. Alaska Statute 45.50.471(b) defines practices that constitute unfair methods of competition and unfair or deceptive trade practices; the Garrisons relied upon five provisions of subsection .471(b) in their complaint.[19]

██ The Garrisons' allegations met the minimum standard for stating a claim that

---

**16.** See infra Part IV.B.2.b.

**17.** Cf. Bliss v. Bobich, 971 P.2d 141, 148 (Alaska 1998) (holding that "cases involving mixed causes of action, some governed by Rule 82's attorney's fees provisions and some by [statute]" fall under trial court's discretion for purposes of determining prevailing party).

**18.** See Marathon Oil Co. v. ARCO Alaska, Inc., 972 P.2d 595, 605 (Alaska 1999) (holding that award of "substantially 'full attorney's fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the non-prevailing party.'" (quoting Alaska R. Civ. P. 82, note to Supreme Court Order 1118am)); Keen v.. Ruddy,

784 P.2d 653, 657 (Alaska 1989) (holding that full attorney's fees were properly awarded when losing party acted in bad faith by filing meritless claims to harass defendant).

**19.** AS 45.50.471(b) provides, in relevant part, that

[t]he terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts:

. . . .

(4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approv-

we recently set out in *Odom v. Fairbanks Memorial Hospital.*[20] In *Odom,* we held that "[a]n act or practice is deceptive or unfair if it has the capacity or tendency to deceive."[21] The Garrisons' allegations theoretically met this threshold. For example, the Garrisons alleged that Dixon had engaged in misleading and deceptive advertising as prohibited by AS 45.50.471(b)(11), that Dixon's "conduct has created a likelihood of confusion and misunderstanding, and has mislead, deceived and damaged prospective buyers and the plaintiffs, in connection with the advertisement of defendants' services," and that Dixon's "ads were . . . misleading and deceptive . . . because the exact opposite of what was claimed in the ads was true." In alleging that Dixon's ads had the capacity to deceive or confuse a buyer in connection with the advertisement of services, as prohibited by AS 45.50.471(b)(11), the complaint was sufficient to defeat a motion to dismiss for failure to state a claim.

 But a review of the factual support for these claims provides a strong basis for the superior court's finding that the action was "frivolous and brought to harass the defendants." The Garrisons and AARI never produced credible evidence that the central theme of the ads—that dual agency brokers were superior to buyer's agency brokers—was unfair or deceptive. They did not produce even one person who had read the ads and could testify to any confusion. They did not show that the ads—which did not mention either the Garrisons or AARI—would be read by anyone as referring to them. They produced no evidence that they had suffered any monetary damage.

Moreover, consideration of the second issue—how the Garrisons and AARI prosecuted their action—strongly supports the trial court's factual findings that the case was litigated in bad faith. The Garrisons litigated vigorously for two and one-half years before attempting to leave the lawsuit as individual plaintiffs, ultimately conceding that they had no individual claims. Then AARI's remaining claims were all dismissed, on summary judgment, because plaintiffs could not even show that material facts were in dispute.[22] We have previously upheld an award of full attorney's fees against plaintiffs whose claim was found to be brought "merely to harass and delay,"[23] and the record supports a similar conclusion here. Moreover, as we found above, the superior court noted correctly that the parties were business competitors, found that "the purpose of the action was to harass a competitor," and concluded that "less than full attorney's fees would encourage the use of civil prosecution to chill active competition in various industries." We cannot say that these findings are clearly erroneous. Accordingly, the superior court did not abuse its discretion in awarding full, actual attorney's fees under Rule 82.

b. *Attorney's fees under AS 45.50.531(g).*

 At the time of trial, AS 45.50.531(g) provided, in relevant part, that "the court

---

al, status, affiliation, or connection that the person does not have;
. . .
(6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
(7) disparaging the goods, services, or business of another by false or misleading representation of fact;
(8) advertising goods or services with intent not to sell them as advertised;
. . . .
(11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services.

**20.** 999 P.2d 123 (Alaska 2000).

**21.** *Id.* at 132 (internal quotation marks omitted) (quoting *State v. O'Neill Investigations, Inc.,* 609 P.2d 520, 534–35 (Alaska 1980)).

**22.** Specifically, the claims ultimately failed on summary judgment because plaintiffs could show no monetary losses, as required for a private action under AS 45.50.531(a). That statute provides, in relevant part:

A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action.

**23.** *See Keen,* 784 P.2d at 657.

may award the prevailing party all or a portion of the actual costs and attorney fees incurred by the party." "[T]he term 'may' generally denotes permissive or discretionary authority...."[24] Thus, under AS 45.50.531(g), the superior court had discretion to award full costs and attorney's fees.

Looking at the same facts analyzed above under Rule 82, we conclude that the superior court did not abuse its discretion in awarding full, actual attorney's fees under the Unfair Trade Practices Act. Accordingly, we affirm the trial court's award of attorney's fees against AARI.

### C. *The Superior Court Did Not Abuse Its Discretion in Awarding Actual Costs.*

The superior court issued several orders with regard to the taxation of costs at the end of the proceedings of this case. The Garrisons and AARI now argue that these orders are inconsistent and arbitrary and that the amount of costs is at times duplicatively assessed. We address each of these arguments in turn.

First, AARI argues that it was improper to assess joint and several liability against it for costs that were previously taxed against, and fully satisfied by, the Garrisons. This was apparently done in anticipation that the costs assessed against the Garrisons might be overturned on appeal. We need not address this matter further, beyond a direction to the superior court to strike that portion of the judgment holding AARI liable for costs previously taxed against the Garrisons, because the costs have been paid in full by the Garrisons and have not been appealed.

Second, the Garrisons and AARI argue that the trial court's order that added AARI

to the order of final judgment entered against the Garrisons under Rule 54(b) was improper. They argue that this is inconsistent with the entry of a Rule 54(b) judgment. Also, they note that it would make AARI jointly and severally liable for the attorney's fees award against the Garrisons. Again, apart from a direction that AARI be stricken from the judgment against the Garrisons, we need not address the matter because the Garrisons satisfied the Rule 54(b) judgment and the Garrisons have not challenged the propriety of the trial court dismissing their voluntarily dismissed claims.

 Finally, the parties dispute whether under former AS 45.50.531(g), in effect at the time of trial, full costs could be assessed for expert witnesses who did not testify at trial.[25] As noted previously, the trial court had discretion to award "the prevailing party all or a portion of the actual costs."[26] Given our acceptance of the superior court's finding that this action was frivolous, the trial court did not abuse its discretion by awarding actual costs.

## V. *CONCLUSION*

The form of the Civil Rule 54(b) judgment is moot because the superior court entered the true final judgment only three months later and the Garrisons were not prejudiced by any possible error. The superior court did not abuse its discretion in awarding full, actual attorney's fees and actual costs given its well-supported finding that the action was frivolous. Accordingly, we AFFIRM.[27]

---

**24.** *Gerber v. Juneau Bartlett Memorial Hosp.*, 2 P.3d 74, 76 (Alaska 2000); *see also Rutter v. State*, 963 P.2d 1007, 1008 (Alaska 1998); *State, Dep't of Transp. & Pub. Facilities v. Sanders*, 944 P.2d 453, 457–58 (Alaska 1997).

**25.** In 1998 the legislature superceded former AS 45.50.531(g) with AS 45.50.537. Neither party

argues that the new section .537 might apply retroactively in this case.

**26.** Former AS 45.50.531(g).

**27.** As noted in Part IV.C., the superior court is directed to strike AARI from the Rule 54(b) judgment against the Garrisons, for both costs and attorney's fees.