NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

SHAWN T. O'DONNOGHUE, )
)                Supreme Court No. S-16568
          Appellant, )
)                Superior Court No. 3KN-16-00044 CI
     v. )
)                MEMORANDUM OPINION
STATE OF ALASKA, DEPARTMENT )        AND JUDGMENT*
OF ADMINISTRATION, )
)                No. 1685 – August 1, 2018
          Appellee. )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Charles T. Huguelet, Judge.

Appearances: Shawn T. O'Donnoghue, pro se, Kenai, Appellant. Rebecca H. Cain, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.     INTRODUCTION

Alaska Statute 39.25.158 allows a State employee who separates from employment due to a compensable work-related injury to be rehired without going through the competitive hiring process. An employee was administratively terminated after suffering an on-the-job injury; he later applied for and was granted the rehire

---

\*        Entered under Alaska Appellate Rule 214.

preference. He was again injured and administratively terminated, and this time the Department of Administration refused to certify him as eligible for the rehire preference on grounds that he was entitled to use the preference only once. Contending that his two requests for the preference were based on two different injuries, the employee appealed to the superior court.

While the superior court appeal was pending, the Department reversed its position and certified the employee as entitled to the rehire preference. He was offered his old position and accepted it. The court dismissed the appeal as moot.

The employee appeals. His primary argument is that his appeal is not moot because even though he was ultimately granted the rehire preference, he was still entitled to damages for back pay and retraining costs. We hold, however, that his appeal from the superior court's dismissal order is untimely. We also hold that the superior court did not abuse its discretion when it denied a late-filed motion reasserting the damages claim. We therefore affirm the superior court's decision dismissing as moot the employee's appeal from the Department's decision to deny him a rehire preference.

## II. BACKGROUND

### A. Reemployment Rights For Injured State Employees

The underlying claim in this appeal involves the Department's application of AS 39.25.158, entitled "Reemployment rights for injured state employees." State law generally requires hiring based on merit,[2] but AS 39.25.158 creates an exception: An employee who separates from employment because of a compensable work-related

---

[2]     AS 39.25.010.

injury may apply for reemployment without going through the State's competitive hiring process.[3]

To qualify for the rehire preference, the former employee must have separated from State employment because of a compensable work-related injury.[4] When the former employee requests the preference, "the reemployment benefits administrator of the division of workers' compensation or the director of vocational rehabilitation" reviews the request and, if appropriate, certifies that the employee is able to return to work.[5] If the employee can return to work, then "the agency shall reemploy the employee within 30 days after receipt of the certification."[6] An employee may exercise the preference "only . . . once for each injury in state employment."[7]

---

[3]     AS 39.25.158(a) ("An injured employee is eligible for reemployment rights under this section if the employee requests to return to work for the state within 30 days after receipt of a release from a physician indicating that the employee is able to return to full or modified work."); 2 Alaska Administrative Code (AAC) 07.228 (Oct. 2005).

[4]     AS 39.25.158(k)(3) ("[An] 'injured employee' or 'employee' means a permanent, probationary, or provisional employee of an agency in the classified service whose injury is a compensable injury or condition under AS 23.30."); 2 AAC 07.228 (*l*)(2) ("[An] 'injured employee' means a permanent, provisional or probationary employee in the classified service who suffers an injury or disease as defined by AS 23.30.395 that is covered by a compensable workers' compensation claim, and resulted in termination of employment due to the inability to perform the essential duties of the employee's position.").

[5]     AS 38.25.158(b)-(c).

[6]     AS 39.25.158(c).

[7]     2 AAC 07.228(f)(1).

**B. Facts**

Shawn O'Donnoghue was working for the State in August 2012 as a Commercial Vehicle Enforcement Officer when he suffered a cervical injury. By December he had exhausted his leave, and after he received a medical certification that he was unable to return to work "in the immediate or foreseeable future," his State employment was "administratively terminated" as of January 14, 2013. His condition improved, however, and in May he requested reemployment pursuant to the AS 39.25.158 preference. The reemployment benefits administrator certified that he was eligible for the preference, and the State offered to reemploy him in his former position. He accepted the offer, returning to work on June 3, 2013.

In August O'Donnoghue left work again due to a bug-bite injury. During his recuperation he suffered from low back pain; he was unable to return to work, and in December 2013 he was again administratively terminated.

In the meantime, O'Donnoghue had submitted an application for workers' compensation in which he claimed that his low back pain resulted from a December 2008 on-the-job injury. The State disputed the claim and litigated the issue of compensability under the Alaska Workers' Compensation Act. The parties eventually settled, but they did not agree on the cause of O'Donnoghue's low back pain. His physician believed it was related to the 2008 injury, but another physician disagreed.

In the fall of 2015, following surgery on his low back, O'Donnoghue applied for rehire, again seeking to use the rehire preference for injured State workers. The Department initially rejected his request for the preference on grounds that there was no evidence he had suffered an on-the-job injury to his back in 2013. O'Donnoghue countered that his 2013 low back problems stemmed from the 2008 on-the-job injury. But the Director of the Department's Division of Personnel and Labor Relations

informed him that the Department would "not suspend competitive hiring for [his] situation" because he had already benefitted once from the injured worker rehire program.

### C. Superior Court Appeal And Reinstatement

In January 2016 O'Donnoghue appealed to the superior court. In late April the assistant attorney general representing the State sent O'Donnoghue a letter informing him that "the Division of Personnel will agree to reconsider its decision denying your request for an injured worker preference under AS 39.25.158 and will restart the [statutory] process for you." O'Donnoghue responded by filing a request for compensation: "Full Back [sic] pay owed with contributions to SBS starting July 14[,] 2015," the day he contended he should have been rehired; ten months' worth of legal fees (though he was self-represented); and reimbursement for some retraining expenses. The State filed a motion to dismiss the appeal as moot. The superior court stayed proceedings and gave the Department 30 days in which "to make its determination whether [O'Donnoghue] qualifies for rehire under section 158."

In August the State filed a notice informing the court that the Department had found O'Donnoghue eligible for rehire under the injured worker rehire preference, that he had been offered a position which he immediately accepted, and that "he has been back at work since July 1, 2016." In an order dated August 31, the court granted the State's motion to dismiss the administrative appeal as moot. It determined that AS 39.25.158 gave O'Donnoghue no right to recover back pay or reimbursement for retraining expenses, and that, to the extent he was seeking damages under 42 U.S.C. § 1983,[8] the administrative appeal was not the proper forum for such relief.

---

[8]     O'Donnoghue had raised a § 1983 claim for the first time in his reply brief,
(continued...)

On September 29 O'Donnoghue filed a notice of appeal in the superior court, reiterating his claim for damages. The superior court issued a notice informing O'Donnoghue that his attempted appeal "largely failed to comply with Appellate Rules governing the appeals process." The court directed O'Donnoghue to Appellate Rule 204(b) for a list of the documents that should be submitted to the appellate clerk in order to properly commence an appeal, informed him that "[t]he Alaska Court System's self-help services website provides a helpful resource for pro se litigants filing appeals," and cautioned him that appeals are normally required "to be filed within 30 days of the relevant order's distribution date."

Despite this procedural guidance, O'Donnoghue's next filing was a "Motion for Back Pay & Damages," filed in the superior court on November 23 and again seeking "restitution for [his] losses." The superior court issued an order on December 9, informing O'Donnoghue that "the case remain[ed] closed" and briefly reiterating its earlier decision: AS 39.25.158 did not provide a damages remedy, O'Donnoghue's reemployment mooted his administrative appeal, and the possibility of a separate civil suit for damages did not affect the mootness of the appeal.

O'Donnoghue appealed to this court.

---

**8**    (...continued)
arguing that the Department's actions had denied him procedural due process. In its earlier order staying proceedings, the superior court had already informed O'Donnoghue that the request for damages under 42 U.S.C. § 1983 "exceed[ed] the scope of the issues he ha[d] raised on appeal" and would not be considered.

## III. STANDARD OF REVIEW

When the superior court acts as an intermediate appellate court, we independently review the merits of the administrative decision.[9] When the administrative body decides questions of law where no expertise is involved, we apply "the substitution of judgment standard."[10]

"Whether an appeal is timely"[11] and whether an issue is moot[12] are questions of law. "We review questions of law de novo, adopting 'the rule of law that is most persuasive in light of precedent, reason, and policy.' "[13]

"We review procedural decisions of the superior court"[14] and "the denial of a motion for reconsideration for abuse of discretion."[15] "Such review does not focus

---

[9]     *Copeland v. Ballard*, 210 P.3d 1197, 1201 (Alaska 2009) (quoting *Bruner v. Petersen*, 944 P.2d 43, 47 n.5 (Alaska 1997)).

[10]     *Alaskan Crude Corp. v. State, Dep't of Nat. Res., Div. of Oil & Gas*, 261 P.3d 412, 419 (Alaska 2011) (quoting *Pasternak v. State, Commercial Fisheries Entry Comm'n*, 166 P.3d 904, 907 (Alaska 2007)).

[11]     *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011) (citing *Platz v. Aramburo*, 17 P.3d 65, 68 (Alaska 2001)).

[12]     *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005).

[13]     *In re Estate of Maldonado*, 117 P.3d 720, 722 (Alaska 2005) (quoting *Carr-Gottstein Props., L.P. v. Benedict*, 72 P.3d 308, 310 (Alaska 2003)).

[14]     *Dougan v. Aurora Elec. Inc.*, 50 P.3d 789, 793 (Alaska 2002) (citing *Morgan v. State, Dep't of Revenue*, 813 P.2d 295, 297 n.4 (Alaska 1991)).

[15]     *Alaskan Adventure Tours, Inc. v. City & Borough of Yakutat*, 307 P.3d 955, 959 (Alaska 2013) (citing *Smith v. Groleske*, 196 P.3d 1102, 1105 (Alaska 2008)).

on the merits of the underlying decision, but only on the propriety of the denial of reconsideration."[16] "A court abuses its discretion if it issues a decision that is 'arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive.' "[17]

## IV. DISCUSSION

O'Donnoghue appeals the superior court's August order dismissing the appeal as moot and its December order denying his motion for back pay and damages.[18] We conclude that the appeal from the August order is untimely and that the superior court did not abuse its discretion in denying what was effectively a very late-filed motion for reconsideration.

### A. O'Donnoghue's Appeal Of The August Order Is Untimely.

O'Donnoghue first appeals the superior court's determination that his appeal was moot, arguing that even though his request for the rehire preference was moot, he remained entitled to damages for the delay in securing it. The Department argues that O'Donnoghue's appeal from the dismissal order is untimely, and we agree. Alaska Appellate Rule 204(a)(1) requires that a notice of appeal "be filed within 30 days from the date shown in the clerk's certificate of distribution on the judgment appealed from." The dismissal order in this case was signed on August 31 and distributed on

---

[16]     *Id.* at 959 n.6 (citing *Smith*, 196 P.3d at 1106).

[17]     *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009) (alteration in original) (quoting *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007)).

[18]     We liberally construe O'Donnoghue's appeal as including challenges to both the August 31 dismissal order and the December 9 order denying his motion for damages. *See Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012) ("[W]e consider pro se pleadings liberally in an effort to determine what legal claims have been raised." (citing *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1150 (Alaska 2009))).

September 1. O'Donnoghue filed his appeal on December 28, 119 days after the order was distributed and nearly three months late.

"Appellate Rule 521 allows us to relax the rules 'where a strict adherence to them will work surprise or injustice.' "[19]  Deciding whether to consider a late-filed appeal requires us to balance "the right to appellate review, the willfulness and extent of the rules violation, and the possible injustice that might result from dismissal."[20]  We have excused a self-represented "litigant's untimeliness and permitted a late appeal where 'the record indicate[d] that [the litigant] made a good-faith effort to appeal by the deadline.' "[21]  But "absent this effort, [a litigant] may be denied the leniency otherwise afforded [to self-represented] litigants."[22]

The Department contends that strict enforcement of the rule in this case "will [not] result in surprise or unfair prejudice" because the superior court carefully advised O'Donnoghue how to appeal but he chose to ignore the advice.  We agree with this assessment.  When O'Donnoghue attempted to appeal the August dismissal order by filing a notice of appeal in the superior court, the court responded as it should when dealing with a self-represented litigant who has made a procedural mistake:  It informed O'Donnoghue "of the proper procedure for the action he . . . [was] obviously attempting

---

[19]  *Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 506 (Alaska 2014) (quoting Alaska R. App. P. 521).

[20]  *Id*. (quoting *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 (Alaska 1972)).

[21]  *Griswold v. City of Homer*, 252 P.3d 1020, 1027 (Alaska 2011) (alterations in original) (quoting *In re Adoption of Erin G.*, 140 P.3d 886, 889 (Alaska 2006)).

[22]  *Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002) (citing *Noey v. Bledsoe*, 978 P.2d 1264, 1270 (Alaska 1999)).

to accomplish."[23] The court's order referred O'Donnoghue to the appropriate appellate rule, informed him that appeal documents had to be filed with the appellate clerk, alerted him to the 30-day deadline and the possibility that he would have to pay a filing fee (or seek a waiver of the fee), and recommended that he consult the court system's online resources for self-represented litigants. But rather than accepting the court's procedural guidance and filing a supreme court appeal, O'Donnoghue reasserted the claims for back pay and damages that the superior court had already determined, repeatedly, would not be entertained in his administrative appeal. The superior court had to inform O'Donnoghue once more that the case was closed before he filed his supreme court appeal, now three months late.

The above record does not disclose "a good-faith effort to appeal by the deadline";[24] that is reason enough for us to deny the leniency we might otherwise afford O'Donnoghue as a self-represented litigant. We also conclude, however, that no "possible injustice [would] result from"[25] declining to hear the late appeal, because the superior court did not err in dismissing O'Donnoghue's appeal as moot. "A case is moot if the party bringing the action would not be entitled to any relief even if they prevail."[26] O'Donnoghue was granted the rehire preference he sought, and he had no viable claim on appeal for damages.[27]

---

[23]     *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[24]     *In re Erin G.*, 140 P.3d at 889.

[25]     *Conitz*, 325 P.3d at 506.

[26]     *O'Callaghan v. State*, 920 P.2d 1387, 1388 (Alaska 1996).

[27]     As the superior court determined, AS 39.25.158 provides only the rehire preference, not a damages remedy. O'Donnoghue also cites AS 39.25.170, which

(continued...)

**B.**    **The Superior Court Did Not Abuse Its Discretion By Denying O'Donnoghue's Motion For Back Pay And Damages.**

O'Donnoghue filed this appeal on December 28, within 30 days of the superior court's December 9 order denying his motion for back pay and damages and reiterating that the appeal was moot and the case closed.[28]  Liberally construing the motion as a very untimely request for reconsideration of the August order dismissing the appeal as moot,[29] we conclude that the superior court did not abuse its discretion by denying it.

While the motion could have been denied on timeliness grounds alone, the court also briefly addressed the motion's merits, explaining again why it had found the

---

[27]    (...continued) appears to authorize the recovery of back pay and benefits if an employee is reinstated after having been wrongly "dismissed, demoted, or suspended for more than 30 working days," but the statute does not apply to O'Donnoghue's case; he does not contend that his administrative terminations were unlawful, only that after having been terminated he was entitled to more immediate reemployment.  Finally, the claim for damages under 42 U.S.C. § 1983 fails for a number of reasons.  First, the case was brought as an appeal, and although the superior court advised O'Donnoghue to file a separate civil action if he believed he had a viable § 1983 claim, he failed to do so.  *Cf. Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 256 (Alaska 2000) (upholding bifurcation of civil claim that involved administrative appeal and civil claim under 42 U.S.C. § 1983).  Second, the claim was raised for the first time in O'Donnoghue's reply brief and was therefore waived.  *Iverson v. Griffith*, 180 P.3d 943, 946 n.12 (Alaska 2008).  Third, § 1983 damages may be recovered only from individuals, not the State.  *Brady v. State*, 965 P.2d 1, 20 n.72 (Alaska 1998).

[28]    *See* Alaska R. App. P. 204(a)(1).

[29]    The superior court's dismissal was distributed on September 1 and this motion was filed November 23 — well beyond the ten-day deadline.  Alaska R. App. P. 503(h)(1) ("A motion for reconsideration must be filed within ten days after the date of notice of the order.").

case moot. O'Donnoghue's motion simply realleged damages arguments he had already made in his brief. The motion did not demonstrate any basis for reconsideration, and the court's refusal to consider the same arguments again was not an abuse of discretion.

## V.     CONCLUSION

We AFFIRM the superior court's December 9 order.